IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | 8:21CV369<br><br>**ORDER ON NOTICE OF DEATH OF RENA MERKER** |

In this lawsuit, the Equal Employment Opportunity Commission (EEOC) alleges BNSF Railway Company (BNSF) subjected Rena Merker, a female train conductor, to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Filing 41 at 1. In BNSF's Reply Brief in Support of Defendant's Motion for Summary Judgment, "BNSF respectfully informs the Court that Rena Merker passed away in January 2024." Filing 139 at 1 n.1. Ms. Merker's death during the pendency of this lawsuit, if confirmed, presents an unfortunate and unusual situation that may, at the very least, complicate the foundation for and the sufficiency of evidence for purposes of summary judgment and trial. As the Eighth Circuit Court of Appeals has explained,

> "[T]he standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it *could* be presented at trial in an admissible form." *Gannon [Int'l, Ltd. v. Blocker]*, 684 F.3d [785,] 793 [(8th Cir. 2012)], citing Fed.R.Civ.P. 56(c)(2). *See also Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 544 n.6 (8th Cir. 2018) (applying and quoting *Gannon*, overruling hearsay objection to summary judgment evidence not abuse of discretion, when information could potentially be presented in admissible form at trial). Though parties may identify evidence at summary judgment that would be inadmissible at trial, they must demonstrate that the evidence may be offered at trial in an

1

admissible form. *See JRT, Inc. v. TCBY Sys., Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)[.]

*Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019) (emphasis in the original).

Accordingly,

IT IS ORDERED that the parties shall each file a supplemental brief not later than 5:00 p.m. on Tuesday, February 27, 2024, addressing (1) whether the EEOC can legally continue to prosecute this lawsuit, (2) whether it is appropriate for the EEOC to do so, (3) what evidentiary complications are presented, and (4) what relief the EEOC may now be able to obtain if this lawsuit can continue. Although the Court believes that it is important to settle these questions as soon as possible, the Court also recognizes that counsel for both parties may require directions from further up the chain of command before responding to these questions and making a decision as to how to proceed. Therefore, leave for reasonable extension of the deadline for supplemental briefs will be granted upon a motion from either party demonstrating good cause.

Dated this 13th day of February, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge